### Josef Kozacek v. Ottilie Kozacek.

1. EQUITY PRACTICE—*Chancellor May Submit Questions of Fact to a Jury.*—It is within the discretion of the chancellor to submit to a jury questions of fact, but such submission does not deprive the parties of the judgment of the chancellor; he may accept or reject the advice of the jury.

**Divorce.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 30, 1902.

KOHOUT & JANDUS, attorneys for appellant.

FREDERICK S. McCLORY, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree adjudging appellee entitled to separate maintenance. Appellant filed a bill for divorce from appellee, his wife, upon the alleged ground of desertion. Thereupon the wife filed an answer denying the charges in the bill, and filed also her cross-bill alleging cruelty, and that when pregnant she had been driven in the night by appellant from his home, and had since been living separate and apart from her husband without her fault, compelled as best she could to earn a living for herself and her children.

Issues were formulated and submitted to a jury, which found appellee not guilty of desertion as charged in the

original bill, and found also that at the time of filing her cross-bill, appellee was living separate and apart from her said husband without her fault as in said cross-bill charged. The decree was entered accordingly.

We are urged to set aside this decree on the alleged ground that it is based upon a verdict contrary to the evidence; that the great weight of evidence proves appellee guilty of desertion.   No errors are pointed out in the admission or rejection of evidence, and while the testimony is conflicting, there is evidence fully warranting the conclusion which the jury reached. No ground exists, so far as we can discover, for interference by this court with the finding of facts, approved as it was by the court which saw the witnesses and heard the testimony.   Upon the issues raised by the cross-bill, the jury expressly found that appellee was living separate and apart from her husband without her fault.

It is said that as the statute makes no provision for a jury trial in suits for separate maintenance it was error to submit to them the issues upon the cross-bill.   It was within the discretion of the chancellor to submit to a jury questions of fact.   Such submission does not deprive the parties of the judgment of the chancellor.   He may accept or reject the advice of the jury.   In this case he accepted it and we find no reason in the evidence to question the propriety of his action.   It was charged in the cross-bill that appellant had been convicted in the Criminal Court of having unlawfully and without good cause abandoned and neglected and refused to maintain and provide for his wife and child, and the conviction is admitted in appellant's answer.   Two courts and juries appear, therefore, to have passed upon issues here involved, in both cases adversely to appellant.   These matters may properly be deemed settled so far as this court is concerned.

It does not appear that the decree formally disposes of the original bill, but it finds that the allegations in said bill are not true, and denies appellant the relief which he by said bill sought.   This sufficiently disposes of it, although

the wording of the decree might have been more explicit. It is, however, final, so far as the original bill is concerned.

The decree provides for payment by appellant of $5 a week to appellee until the further order of the court. This was within the power of the chancellor, and for aught that appears it is a proper exercise of his discretion to still retain control of the cause.

The decree of the Superior Court will be affirmed.